# EXHIBIT A

1  William M. Paoli, Esq. (S.B. No. 163759)              [SPACE BELOW FOR FILING STAMP ONLY]
   Court B. Purdy, Esq. (S.B. No. 179132)
2  **PAOLI & PURDY, PC**
   4340 Von Karman Avenue, Suite 100
3  Newport Beach, CA 92660-2084
   949/752-7711 - Office  949/752-8339 - Facsimile
4  OCLawfirm@aol.com - email

5  Attorneys for Plaintiffs,

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN BERNARDINO,

10

11  DANIEL JOHNSON and LISA JOHNSON,        |    CASE NO:

12                                          |    ASSIGNED FOR ALL PURPOSES TO:
                  Plaintiffs,               |    JUDGE
13                                          |    DEPT.
    vs.                                     |
14                                          |    **FIRST AMENDED COMPLAINT**

15  CITY OF HESPERIA, COUNTY OF SAN         |    1.   **FRAUD** (Govt. Code § 815.2(a))
    BERNARDINO, MICHAEL BLAY, NILS          |    2.   **FALSE ARREST**
16  BENSEN, WILLIAM HOLLAND,                |    3.   **INTENTIONAL**
    LARRY BIRD, TINA BULGARELLI,            |         **INTERFERENCE WITH**
17  THERESA MONGER, JEREMY                  |         **PROSPECTIVE ECONOMIC**
    JACKSON, MARK ROCKWOOD, and             |         **ADVANTAGE**
18  DOES 1 through 50, inclusive,           |    4.   **CONVERSION**
                                            |    5.   **CIVIL CONSPIRACY**
19                                          |    6.   **MUNICIPAL LIABILITY -**
                  Defendants.               |         **VIOLATION OF CIVIL RIGHTS**
20                                          |         **(42 USC § 1983)**
                                            |    7.   **DECLARATORY RELIEF**
21
                                                 **Prayer For Exemplary Damages**
22
        Plaintiffs allege as follows:
23
                          **General Allegations**
24
        1.   The full extent of the facts linking the fictitiously designated Defendants with this
25
    cause of action is unknown to Plaintiffs, or the true names or capacities, whether individual,
26
    plural, corporate, partnership, associate, or otherwise, of Defendants DOES 1 through 50 are
27
    unknown to Plaintiffs.  Plaintiffs therefore sue said Defendants by such fictitious names.
28

                                            1

                          **FIRST AMENDED COMPLAINT**

1   Plaintiffs are informed, believes, and alleges that each of the Defendants designated herein as
2   a DOE negligently, wantonly, recklessly, tortiously and unlawfully proximately caused injury
3   and damages to Plaintiffs, as herein alleged, or in the event this action is or becomes and action
4   for wrongful death, that one or more of said DOES may be an heir at law presently unknown to
5   Plaintiffs, who has not joined as a party Plaintiff.  Plaintiff will hereafter ask leave of Court to
6   amend this complaint to show said Defendants' true names and capacities after the same have
7   been ascertained.

8       2.   At all relevant times herein mentioned, each Defendant was the agent, principal,
9   master, servant, employer, employee, partner, and joint venturer of his co-defendants, and, in
10  doing the things hereinafter mentioned, was acting in the scope of his authority as such, with the
11  permission and consent of his co-defendants, and each of them.

12      3.   At all relevant times herein mentioned, Defendant, CITY OF HESPERIA, was and
13  is a governmental entity, responsible for issuing and processing Cannabis Permits to applicants
14  seeking to engage in the lawful sale of cannabis within the City of Hesperia, County of San
15  Bernardino, State of California.

16      4.   At all relevant times herein mentioned, Defendant, COUNTY OF SAN
17  BERNARDINO, was and is a governmental entity, that operated a narcotics task force within
18  the County of San Bernardino, State of California, and was charged with the responsibility of
19  enforcing laws, including those passed for the protection of lawful cannabis sellers within the
20  County of San Bernardino.

21      5.   At all relevant times herein mentioned, Defendants MICHAEL BLAY, NILS
22  BENSEN, WILLIAM HOLLAND, LARRY BIRD, TINA BULGARELLI, THERESA
23  MONGER, JEREMY JACKSON, and MARK LOCKWOOD, were in some manner employees
24  of Defendant, CITY OF HESPERIA, who were acting in concert with each other in doing the
25  acts alleged herein while acting under the color of authority and within the course and scope of
26  their employment by Defendant, CITY OF HESPERIA.

27      6.   At all relevant times herein mentioned, Defendants DOES 1 through 25, inclusive,
28  and each of them, were in some manner employed by or acting in behalf of Defendant, CITY

2

FIRST AMENDED COMPLAINT

1   OF HESPERIA, in the course and scope of their employment by Defendant, CITY OF

2   HESPERIA.

3          7.   At all relevant times herein mentioned, Defendants DOES 26 through 50, inclusive,

4   and each of them, or in some manner employed by or acting on behalf of defendant, COUNTY

5   OF SAN BERNARDINO, while in the course and scope of their employment with Defendant,

6   COUNTY OF SAN BERNARDINO, and acting under the color of law.

7          8.   At all relevant times herein mentioned, Plaintiffs, DANIEL JOHNSON and LISA

8   JOHNSON are residents of the County of San Bernardino, and were lawfully operating a

9   medical marijuana collective in full compliance with the laws of the State of California.

10  Similarly, Plaintiff, LISA JOHNSON, had applied for, and received, necessary permits and

11  licenses to commence sale of cannabis from a storefront location within the city of Hesperia, and

12  was in compliance with all requirements mandated by the City of Hesperia for the permanent

13  issuance of permits from the State of California, City of Hesperia, and business licenses

14  necessary to open a storefront location at an approved building site pursuant to the requirements

15  of the city of Hesperia.

16         9.   At all relevant times herein mentioned, plaintiffs paid all fees required of them to the

17  City of Hesperia, and the State of California and incurred expenses in excess of $300,000 to

18  remain in compliance with the requirements of the City of Hesperia for the opening of a lawful

19  cannabis retail store.

20         10.  At all relevant times herein mentioned, in addition to Plaintiff, LISA JOHNSON,

21  making application to the City of Hesperia for the necessary licenses and permits to open a

22  storefront cannabis retail business, several other applicants also sought such permits and licenses

23  from the City of Hesperia, including, but not limited to, Medical Marijuana Education Center,

24  through Richard "Rick" Casas and his wife, Arlene Casas.

25         11.  At all relevant times herein mentioned, Defendants, CITY OF HESPERIA,

26  MICHAEL BLAY, NILS BENSEN, WILLIAM HOLLAND, LARRY BIRD, TINA

27  BULGARELLI, THERESA MONGER, JEREMY JACKSON, AND MARK LOCKWOOD,

28  and DOES 1 through 25, and each of them, actively sought to deny plaintiff's the ability to open

3

**FIRST AMENDED COMPLAINT**

1  a retail cannabis business by engaging in a course of conduct designed specifically to cause
2  financial hardship as well as onerous terms on plaintiffs in an effort to stymie plaintiff's desire
3  to proceed with the application for a permanent license and permits, are to seek to deny them the
4  opportunity through law enforcement measures an effort to incarcerate Plaintiffs in violation of
5  their rights to remain free from such abusive conduct by governmental officials.

6      12.   At all relevant times herein mentioned, Defendant, CITY OF HESPERIA, continue
7  to require plaintiffs to pay substantial fees, transfer ownership of a portion of their real property,
8  and effectuate various improvements on city-owned property as a condition of approving a
9  certificate of occupancy at plaintiff's retail store location that would have enabled plaintiffs to
10 secure the final and necessary permits licenses and approvals to engage in the lawful business
11 of retail cannabis sales within the city of Hesperia, and County of San Bernardino.

12      13.   At all relevant times herein mentioned, plaintiffs complied with all requirements that
13 were necessary to receive a certificate of occupancy from the City of Hesperia. Nevertheless,
14 Defendants, CITY OF HESPERIA, MICHAEL BLAY, NILS BENSEN, WILLIAM
15 HOLLAND, LARRY BIRD, TINA BULGARELLI, THERESA MONGER, JEREMY
16 JACKSON, AND MARK LOCKWOOD, and DOES 1 through 25, and each of them, did
17 conspire one with the other, to deny Plaintiff's the final certificate of occupancy necessary to
18 complete the licensing/permit process to open the retail cannabis business. Specifically,
19 Defendants did instruct Plaintiff, LISA JOHNSON, to stock the retail store location with
20 cannabis products in preparation for a final inspection necessary for the issuance of the
21 certificate of occupancy. The day prior to the scheduled inspection of the retail location said
22 Defendants contacted Plaintiff, LISA JOHNSON, with instructions to remove all of the cannabis
23 products from the retail store location so that the inspection could proceed as scheduled on the
24 following day. In compliance with the requirement that the retail store be emptied of any
25 cannabis product in advance of the inspection Plaintiff, LISA JOHNSON, did remove the
26 cannabis products to her home, where she locked and secured said products in a separate room
27 at her dwelling awaiting approval of the inspection and issuance of the certificate of occupancy.

28      14.   On or about May 24, 2018, Defendants, CITY OF HESPERIA, MICHAEL BLAY,

4

**FIRST AMENDED COMPLAINT**

1   NILS BENSEN, WILLIAM HOLLAND, LARRY BIRD, TINA BULGARELLI, THERESA
2   MONGER, JEREMY JACKSON, AND MARK LOCKWOOD, and DOES 1 through 25, and
3   each of them, in the furtherance of their intention to wrongfully deny Plaintiff, LISA
4   JOHNSON, a certificate of occupancy, did raid Plaintiff's home as well as stop Plaintiff,
5   DANIEL JOHNSON, while he was driving his vehicle, on the pretense that plaintiffs were
6   illegally operating a cannabis delivery service.

7        15.   At all relevant times herein mentioned, Defendants and each of them knew that
8   plaintiffs were operating lawfully and in full compliance with Legislature passed for the
9   medicinal distribution of cannabis to patients, and were well along the process to secure the final
10  approval for occupancy of the retail store which would have permitted Plaintiffs to proceed with
11  their lawful cannabis retail business within the City of Hesperia.

12       16.   On or about May 24, 2018, said defendants did notify narcotics task force with
13  Defendant, COUNTY OF SAN BERNARDINO, and withheld from said task force the fact that
14  plaintiffs had been operating lawfully and in compliance with all laws and regulations designed
15  to facilitate the availability of cannabis to patients and others pursuant to California law. As a
16  result, Defendant, COUNTY OF SAN BERNARDINO, did confiscate all of Plaintiff's cannabis
17  products which were being stored at their home under the direction of Defendant, CITY OF
18  HESPERIA.

19       17.   At all relevant times herein mentioned, defendants, and each of them, required Plaintiffs to
20  deed over a portion of their real property for purposes of an easement, without compensation to
21  Plaintiffs, as a condition for granting Plaintiff's application for license and permits, as well as issuance
22  of a certificate of occupancy to enable Plaintiffs to commence operating a retail cannabis storefront at
23  their business location within the City of Hesperia.

24       18.   At all relevant times herein mentioned, Defendants, and each of them, and imposed fines
25  and fees against Plaintiffs which said Defendants required payment for said fines and fees as a condition
26  for consideration of Plaintiff's application for approval to conduct retail cannabis business within the
27  City of Hesperia.

28       19.   At all relevant times herein mentioned, Defendants did seek to have Plaintiffs arrested for

5

**FIRST AMENDED COMPLAINT**

1    the improper purpose of denying Plaintiff's application process in an effort to effectuate a forfeiture of

2    Plaintiff's property.

3        20.   As a result of the conduct of Defendants, and each of them, Plaintiffs were detained by the

4    San Bernardino County narcotics task force, their property confiscated, and ultimately charged with

5    felony counts requiring Plaintiffs to retain counsel in an effort to establish their innocence and lawful

6    conduct.

7        21.   Plaintiffs were determined not to have violated any law with charges dismissed by this court

8    and given an order for the return of their cash and property that was confiscated by Defendants. A true

9    and correct copy of this Court's order dated March 6, 2020, is attached hereto as "Exhibit A" and by this

10   reference thereto is intended that said document be incorporated herein as though fully set forth herein.

11       22.   An itemization of the property that was confiscated from Plaintiff's as outlined in the court's

12   order of March 6, 2020, which property Defendant, COUNTY OF SAN BERNARDINO, has refused

13   to return to Plaintiffs or to provide Plaintiffs with compensation for their loss.

14       23.   On or about April 20, 2020, Plaintiffs served their government tort claim on

15   Defendant City of Hesperia.  Said government tort claim was rejected by operation of law.

16       24.   On or about September 2, 2020, Plaintiffs served their government tort claim on

17   Defendant COUNTY OF SAN BERNARDINO. On or about October 5, 2020, Defendant

18   COUNTY OF SAN BERNARDINO rejected Plaintiffs' government tort claim.

19                          **FIRST CAUSE OF ACTION**

20       **(Fraud - Intentional Misrepresentation, Inducement & Concealment against**

21   **Defendants City of Hesperia, Michael Blay, Nils Bensen, William Holland, Larry Bird,**

22     **Tina Bulgarelli, Theresa Monger, Jeremy Jackson, and Mark LOCKWOOD only)**

23       25.   Plaintiffs, repeat and re-allege, as if fully set forth herein, the allegations of all the

24   preceding paragraphs.

25       26.   At all relevant times herein mentioned, Defendants, CITY OF HESPERIA,

26   MICHAEL BLAY, NILS BENSEN, WILLIAM HOLLAND, LARRY BIRD, TINA

27   BULGARELLI, THERESA MONGER, JEREMY JACKSON, MARK LOCKWOOD, and

28   DOES 1 through 25, and each of them, represented to Plaintiffs that they were being treated

6

FIRST AMENDED COMPLAINT

1  fairly and the application for a certificate of occupancy to enable plaintiffs to open their business
2  was being processed in the same manner as all other applicants seeking to open a cannabis retail
3  store within the City of Hesperia. Said defendants further represented to plaintiffs that they
4  would not take any action to interfere or hinder plaintiff's ability to open a retail cannabis store
5  at the building purchased by plaintiffs was located within the "green zone" as designated by
6  Defendant City of Hesperia.

7      27.   At the time when such representations were made by said defendants they knew
8  these representations to be false and untrue as said Defendants, CITY OF HESPERIA,
9  MICHAEL BLAY, NILS BENSEN, WILLIAM HOLLAND, LARRY BIRD, TINA
10  BULGARELLI, THERESA MONGER, JEREMY JACKSON, MARK LOCKWOOD, and
11  DOES 1 through 25, and each of them, were actively involved in seeking to have plaintiff's
12  arrested and charged for the sale and distribution of cannabis while knowing said plaintiffs had
13  a lawful right to engage in the continued operation of a collective under California law while
14  awaiting the final inspection for issuance of the certificate of occupancy by the city of Hesperia
15  ,which would have permitted plaintiffs to open and operate a retail cannabis business.

16      28.   At all relevant time herein mentioned, Defendants, CITY OF HESPERIA,
17  MICHAEL BLAY, NILS BENSEN, WILLIAM HOLLAND, LARRY BIRD, TINA
18  BULGARELLI, THERESA MONGER, JEREMY JACKSON, MARK LOCKWOOD, and
19  DOES 1 through 25, and each of them, intended that Plaintiffs rely on the false and untrue
20  representations they made regarding her application and approval, while knowing they were
21  deliberately and actively seeking to deny the application and certificate of occupancy to benefit
22  Richard Casas, Arlene Casas, and Defendant, WILLIAM HOLLAND.

23      29.   At all relevant times herein mentioned, Plaintiffs believed the representations of
24  Defendants, CITY OF HESPERIA, MICHAEL BLAY, NILS BENSEN, WILLIAM
25  HOLLAND, LARRY BIRD, TINA BULGARELLI, THERESA MONGER, JEREMY
26  JACKSON, MARK LOCKWOOD, and DOES 1 through 25, and each of them, and reasonably
27  relied on their false, misleading and untrue representations regarding their conduct at concealing
28  from Plaintiffs the true reasons for denying Plaintiff's application, refusal to issue the certificate

7

**FIRST AMENDED COMPLAINT**

1    of occupancy and code enforcement action directed at Plaintiffs.

2        30.   Defendants' conduct, as alleged herein, was a substantial factor in causing Plaintiffs'

3    harm in an amount within the jurisdiction according to proof at trial.

4                              **SECOND CAUSE OF ACTION**

5                        **(False Arrest against all Defendants)**

6        31.   Plaintiffs, repeat and re-allege, as if fully set forth herein, the allegations of all the

7    preceding paragraphs.

8        32.   At all relevant times herein mentioned, defendants, and each of them, it intentionally and

9    purposely cause Plaintiffs, DANIEL JOHNSON and LISA JOHNSON, to be wrongfully arrested based

10   upon false allegations contained in an affidavit submitted to this court in support of a search warrant

11   alleging Plaintiffs were engaged in the unlawful sale of cannabis within the County of San Bernardino.

12       33.   At all relevant times herein mentioned, Defendants, and each of them, knew, or in reckless

13   disregard for the truth, did cause said false, untruthful, and inaccurate allegations to be placed into an

14   affidavit for the purpose of causing Plaintiffs, DANIEL JOHNSON and LISA JOHNSON, to be subject

15   to arrest, and their property and money to be confiscated in an effort to seek forfeiture of Plaintiffs'

16   property.

17       34.   At all relevant times herein mentioned, Defendants, and each of them, did intentionally

18   cause said false affidavit to be submitted and filed with the court an effort to deny Plaintiffs the

19   opportunity to complete their application process to open a lawful retail cannabis storefront within the

20   City of Hesperia in an effort to provide an unfair advantage to an associate and friend of one or more

21   of the individual defendants herein.

22       35.   As a direct and proximate result of the unlawful and reckless conduct of Defendants, and

23   each of them, Plaintiffs, DANIEL JOHNSON and LISA JOHNSON, were detained by law enforcement

24   acting under color of law pursuant to the warrant obtained by a false and inaccurate affidavit.

25       36.   As a direct and proximate result of the unlawful and reckless conduct of Defendants, and

26   each of them, Plaintiffs, DANIEL JOHNSON and LISA JOHNSON, were charged with felony counts

27   which they were required to retain counsel and ultimately prove their innocence as a matter of law before

28   this Court. As such, Plaintiffs suffered substantial harm in an amount within the jurisdiction of this

                                           8

                              FIRST AMENDED COMPLAINT

1  Court according to proof at trial. harm in an amount within the jurisdiction according to proof at

2  trial.

3  ### THIRD CAUSE OF ACTION

4  **(Intentional Interference with Prospective Economic Advantage against all Defendants)**

5  37.  Plaintiffs, repeat and re-allege, as if fully set forth herein, the allegations of all the

6  preceding paragraphs.

7  38.  At all relevant times herein mentioned, Plaintiff, LISA JOHNSON, was engaged in

8  a economic relationship with a business entity established for the purpose of engaging in retail

9  sales of cannabis under the laws of the State of California.

10  39.  At all relevant times herein mentioned, Defendants, and each of them, knew Plaintiff,

11  LISA JOHNSON, was engaged in such an economic relationship by virtue of the license,

12  application, and certificate of occupancy process that Plaintiff was engaged in with Defendant,

13  CITY OF HESPERIA.

14  40.  At all relevant times herein mentioned, Defendants, and each of them, by their

15  conduct, design and actions, intended to disrupt Plaintiff's economic business relationship and

16  knew that their conduct would result in such a disruption so that Defendants could provide an

17  unfair advantage to another prospective competitor of Plaintiff who had a history of friendship

18  and, based upon information and belief, an economic relationship with one or more of the

19  individual Defendants.

20  41.  As a direct and proximate result of the conduct of Defendants, and each of them,

21  Plaintiff's economic relationship was disrupted and lost to Plaintiff resulting in lost profits

22  estimated at approximately $12,000,000, and which benefitted others who were seeking to cully

23  favor with Defendants and who, based on information and belief, has maintained a financial

24  relationship with one or more of the individual Defendants herein.

25  42.  Defendants' conduct, as alleged herein, was a substantial factor in causing Plaintiffs'

26  harm in an amount within the jurisdiction according to proof at trial.

27  ### FOURTH CAUSE OF ACTION

28  **(Conversion against all Defendants)**

9

FIRST AMENDED COMPLAINT

43. Plaintiffs, repeat and re-allege, as if fully set forth herein, the allegations of all the preceding paragraphs.

44. At all relevant times herein mentioned, Plaintiffs owned and had the legal right to possess cash in excess of $89,000, and various cannabis products as set forth in "Exhibit A" attached to this Complaint, and valued in excess of $177,000.

45. At all relevant times herein mentioned, Defendants, and each of them, substantially interfered with DANIEL JOHNSON and LISA JOHNSON's property by knowingly or intentionally preventing Plaintiffs from having access to their property by falsifying an affidavit for a search warrant which resulted in Plaintiffs' property being confiscated by Defendant, COUNTY OF SAN BERNARDINO, and, based upon information and belief, having been destroyed or otherwise lost and not returned to Plaintiffs in violation of this Court's order compelling the return of said property as evidenced by "Exhibit A" attached hereto.

46. At all relevant times herein mentioned, Plaintiffs have demanded the return of their unlawfully confiscated property, and Defendants, and each of them, have refused to return Plaintiffs' property in violation of this Court's order and failed to provide any indication that Defendants will return Plaintiffs' property unless compelled to do so by order of this Court.

47. Plaintiffs DANIEL JOHNSON and LISA JOHNSON did not consent to the confiscation, forfeiture, and/or destruction of their property.

48. As a direct and proximate cause of Defendants' conduct, Plaintiffs have suffered substantial harm in that they were unable to either comply with the final demand of Defendant, CITY OF HESPERIA, to asphalt the roadway adjacent to Plaintiff, LISA JOHNSON's retail store property, or secure a reasonable extension of time to do so upon the return of Plaintiffs' confiscated money and other property.

49. Defendants' conduct, as alleged herein, was a substantial factor in causing Plaintiffs' harm in an amount within the jurisdiction according to proof at trial.

## FIFTH CAUSE OF ACTION

**(Civil Conspiracy against Defendants Michael Blay, Nils Bensen, William Holland, Larry Bird, Tina Bulgarelli, Theresa Monger, Jeremy Jackson, and Mark**

10

FIRST AMENDED COMPLAINT

1        LOCKWOOD)

2        50.   Plaintiffs, repeat and re-allege, as if fully set forth herein, the allegations of all the

3        preceding paragraphs.

4        51.   At all relevant times herein mentioned, Defendants, MICHAEL BLAY, NILS

5        BENSEN, WILLIAM HOLLAND, LARRY BIRD, TINA BULGARELLI, THERESA

6        MONGER, JEREMY JACKSON, MARK LOCKWOOD, and DOES 1 through 50, and each

7        of them, planned and conspired one with another, to intentionally and deliberately refuse to

8        permit Plaintiff, LISA JOHNSON, the ability to continue to engage in the sale of legal cannabis

9        through a retail storefront business, although Plaintiff complied with the requirements to do so,

10       including incurring several hundred thousand dollars in expenses, including payment of all fees

11       required of Defendants for the license and permits required by law.

12       52.   At all relevant times herein mentioned, Defendants, MICHAEL BLAY, NILS

13       BENSEN, WILLIAM HOLLAND, LARRY BIRD, TINA BULGARELLI, THERESA

14       MONGER, JEREMY JACKSON, MARK LOCKWOOD, and DOES 1 through 50, and each

15       of them, agreed with one another to act in concert to interfere with Plaintiff LISA JOHNSON's

16       effort to satisfy the requirements of approval for the issuance of a final certificate occupancy

17       necessary to secure the final license, permits and certifications to commence selling cannabis

18       to consumers at her retail business location, including, but not limited to, imposing arbitrary and

19       onerous conditions and requirements on Plaintiff, and falsifying affidavits for a search warrant

20       directed at having Plaintiffs' possessions to be confiscated, forfeited, and otherwise render

21       Plaintiffs incapable of completing the requirement of paving the roadway adjacent to Plaintiff

22       LISA JOHNSON's retail store location, and unreasonably refuse to issue an extension to

23       complete the requirement for a short period of time while Plaintiffs sought the return of their

24       unlawfully confiscated money and assets.

25       53.   Defendants' conduct, as alleged herein, was a substantial factor in causing Plaintiffs'

26       harm in an amount within the jurisdiction according to proof at trial.

27                              **SIXTH CAUSE OF ACTION**

28       **(Municipal Liability - 42 U.S.C. § 1983 - Violation of Civil Rights - Fourth Amendment**

11

FIRST AMENDED COMPLAINT

against All Defendants)

54.   Plaintiffs, repeat and re-allege, as if fully set forth herein, the allegations of all the preceding paragraphs.

55.   On and for some time prior to May 24, 2018, Defendants, and each of them, deprived Plaintiffs of the rights and liberties secured to them by the Fourth Amendment to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the Plaintiffs, knowingly subjected Plaintiffs to an unreasonable search, seizure, arrest, life, liberty, and depravation of their property through false affidavit submitted to the court in support of a search warrant of Plaintiffs' residence and vehicle.

56.   At all relevant times herein mentioned, Defendants, and each of them, did, in violation of the Fourth Amendment of the United States Constitution, unlawfully, and through reckless disregard for the truth and accuracy of the allegations set forth in the affidavit submitted to the Court, secured a warrant from the Court based upon false and misleading allegations that would not, and did not, support a finding of probable cause for the issuance of a warrant.

57.   As a result of the conduct of Defendants, and each of them, Plaintiffs were subjected to an unreasonable and intrusive search and seizure of their person and  COUNTY OF SAN BERNARDINO, and DOES 1 through 20, inclusive, they are liable for Plaintiffs' injuries because they were integral participants to the violations of Plaintiffs' rights.

58.   Defendants' conduct, as alleged herein, was a substantial factor in causing Plaintiffs' harm in an amount within the jurisdiction according to proof at trial.

<u>SEVENTH CAUSE OF ACTION</u>

**(Declaratory Relief against Defendants City of Hesperia and County of San Bernardino)**

59.   Plaintiffs, repeat and re-allege, as if fully set forth herein, the allegations of all the preceding paragraphs.

60.   There exists an actual controversy relating to the rights and duties of the respective

12

FIRST AMENDED COMPLAINT

1  parties, specifically whether the Court's order directing the San Bernardino County Sheriff's
2  Department to return of Plaintiffs' unlawfully confiscated property "forthwith" dated March 6,
3  2020, requires Defendant, COUNTY OF SAN BERNARDINO, to either return the property or
4  compensate plaintiffs for the loss of their property should said property have been destroyed or
5  to otherwise discarded by Defendant, COUNTY OF SAN BERNARDINO.

6       61.   There exists a further actual controversy relating to the rights and duties of the
7  respective parties, as to whether Defendant, CITY OF HESPERIA, is Estopped from denying
8  Plaintiff, LISA JOHNSON, a reasonable extension of time to complete asphalt paving of the
9  roadway adjacent to her business location for the issuance of a final business license, permit, and
10  conditional use permit to permit said Plaintiff to continue to engage in her lawful business of
11  providing retail cannabis sales as set forth in the application for issuance of a conditional use
12  permit by Defendant, CITY OF HESPERIA.

13       62.   Under *Code of Civil Procedure* § 1060, Plaintiffs are entitled to a judicial declaration
14  of the rights and duties of the respective parties under the Court's order for the return of
15  Plaintiff's unlawfully confiscated property by Defendant, COUNTY OF SAN BERNARDINO,
16  as well as a determination that Defendant, CITY OF HESPERIA, was estopped from granting
17  plaintiff's extension of time to complete asphalt paving  of the roadway at their storefront
18  location in order to received the final certificate of occupancy  and license to conduct their
19  continued lawful retail sales of cannabis products as set forth in the applications, licenses, and
20  permits issued to Plaintiffs by the City of Hesperia and State of California.

21       WHEREFORE, Plaintiffs, DANIEL JOHNSON and LISA JOHNSON, pray for judgment
22  against the Defendants, and each of them, as follows:

23       1. Consequential damages in a sum within the jurisdiction of this Court to be determined
24  according to proof;

25       2.   Actual damages in a sum within the jurisdiction of this Court to be determined
26  according to proof;

27       3. A declaration that Plaintiffs are entitled to recover confiscated property or the cash
28  equivalent from the County of San Bernardino pursuant to this Court's Order dated March 6,

13

FIRST AMENDED COMPLAINT

1    2020;

2       4. For costs of suit incurred, prejudgment interest and for such other and further relief as

3    the Court deems proper;

4       5. For a finding that Defendants are estopped from providing Plaintiffs the requested

5    extension of time to complete the final condition for final approval of the condition use permit

6    and permanent business license to open their retail cannabis store and enter an order directing

7    Defendants to approve an extension of time to complete the final condition imposed against

8    Plaintiffs to asphalt a section of roadway, and take all measures to assure Plaintiffs' application

9    for issuance of State and City permits, as well as a conditional use permit for the subject

10   property for Plaintiffs' business be reissued and approved; and,

11      As to Defendants Michael Blay, Nils Bensen, William Holland, Larry Bird, Tina

12   Bulgarelli, Theresa Monger, Jeremy Jackson, Mark ROCKWOOD, and unknown DOES who

13   shall be named upon discovery of their identity and involvement in the harm caused to Plaintiffs

14   as set forth herein only,

15      6.   Exemplary damages in an amount sufficient to punish Defendants and discourage

16   them from engaging in similar conduct in the future.

17   DATED: January 29, 2021                 PAOLI & PURDY, PC

18

19                                  By:

20                                      WILLIAM M. PAOLI
                                        COURT B. PURDY
21                                      Attorneys for Plaintiffs,
                                        DANIEL JOHNSON and LISA JOHNSON

22

23

24

25

26

27

28

                                        14

                            FIRST AMENDED COMPLAINT